**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
1500 SW First Avenue, Ste 1000
Portland OR  97201
Telephone: 503/345-5407

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ALISON ECKER,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PROVIDENCE HEALTH & SERVICES,** a Washington Foreign Nonprofit Corporation<br><br>Defendant. | CASE NO.  25-2278<br><br>**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**<br><br>**Jury Trial Demand** |

## I.  JURISDICTION AND VENUE

1.  This is an action for declaratory relief, equitable relief and damages for violations of state and federal law under Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act and ORS 659A.142. This Court has jurisdiction over Plaintiff's Title III ADA and Section 504 claims under 42 U.S.C. §12117, 28 U.S.C. § 1331, 29 U.S.C. § 794a and 28 U.S.C. § 1343(3)-(4). This court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.  Both federal and state law claims alleged herein arose from a common nucleus of operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy such that the actions would ordinarily be expected to be tried in one judicial proceeding.

2.  Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2). Defendant resides in this District and the events giving rise to this Complaint occurred in Washington

County, Oregon. Defendant is engaged in regular sustained business activities, including the operation of clinics and hospitals, in both Multnomah and Washington Counties.

## II.  PARTIES

3.  Plaintiff Alison Ecker is a citizen of the United States and a resident of the State of Oregon. Plaintiff operates a small immigration law firm in Portland, Oregon.  Plaintiff was, at all material times, both a patient of Defendant and a caregiver for patients of Defendant, including for her husband.

4.  Defendant Providence Health & Services is a foreign nonprofit corporation that operates numerous hospitals, clinics and other facilities in Washington County and Multnomah County, Oregon, including the clinics frequented by Plaintiff and her family.

## III.  FACTUAL ALLEGATIONS

5.  Plaintiff is deaf. Plaintiff has severe-to-profound bilateral sensorineural hearing loss, which she has had since birth. The primary way she communicates with hearing persons is through a combination of hearing aids, lip reading, an FM transmitter to amplify voices and transmit them to her hearing aids using Bluetooth technology, and real time captioning. She does not communicate using American Sign Language.

6.  The fact that Plaintiff is deaf is obvious. Plaintiff speaks with a "deaf accent." You cannot interact with her without knowing that she is significantly hearing impaired or deaf.

7.  Real time captioning technology has become increasingly common and standard in society over the last few years. For example, Zoom, Google meetings, and other similar platforms all offer real time captioning standard in their offerings, and voice to text options are standard or low-cost options in most computer hardware, cell phones, and a common feature in computer software.

8.  On August 24, 2025, Plaintiff went to Defendant's Providence ExpressCare- Orenco clinic for her own health related matter. She went to the receptionist at the front desk and told her that she is hearing impaired and reads lips. The receptionist, who was wearing a mask, lowered her mask and Plaintiff was able to communicate effectively with her.

Page 2 – Complaint

9. Plaintiff was then shown to a treatment room. Plaintiff informed the clinician that she was deaf and that she needs to read lips to communicate effectively. Unlike the person at the front desk, the clinician did not agree remove her mask or put on a clear mask so that Plaintiff could understand her clearly. The communication was further hampered by the fact that the clinician spoke with an accent, making her harder to understand. Instead, the clinician spoke closer to Plaintiff's face and spoke loudly, enunciating slowly. Plaintiff found this action demeaning. More critically, the communication was not effective. Plaintiff left the room not totally understanding what was going on with her, medically, and unable to meaningful communicate with the clinician, or to have any questions she might have answered. Plaintiff was not provided equivalent or equal access to the programs and services offered by Providence on this day, because she was not provided as equally an effective method of communication as is provided to other patients at Defendant's health-care facility. Hearing persons were provided a far superior level of care at the facility on this day.

10. On August 26, 2025, Plaintiff wrote a letter to Providence about their failure to provide effective communication on August 24. That letter is attached as Exhibit A.

11. In response, a representative of Providence contacted her. They apologized for the clinicians conduct. They indicated that they absolutely do have clear masks available at the clinic, should clinicians insist on wearing masks. They told Plaintiff that when she returned, the clinician will wear a clear mask. Plaintiff took the response at face value and felt comfortable that future treatment from Defendant would improve.

12. It did not improve. On November 2, 2025, over a month later, Plaintiff returned to the same clinic along with her husband because of his urgent and serious health condition. The same receptionist was at the front. She recognized Plaintiff and immediately lowered her mask so she could communicate effectively with her. The women then took Plaintiff and her husband to the treatment room, and informed Plaintiff that they did not have clear masks yet but had ordered them. She informed Plaintiff that the clinician was adamant that she would be using a N-95 non-clear mask in the meanwhile.

13. Plaintiff was confronted with the same clinician as back in August. As promised by the receptionist, the clinician did not use a clear mask and did not remove her mask. Instead, she yelled at Plaintiff to try to communicate with her, but Plaintiff could not fully understand what was occurring. Ultimately, Plaintiff and her husband—who was in significant pain and for whom English is not his first language—determined that the doctor was telling her that she needed to take her husband to the hospital—though it was not clear to Plaintiff precisely why, nor what the consequences were if she did not.  All she knew was that it could be appendicitis. Defendant failed to provide effective communication during this interaction.   Plaintiff, as caregiver for her husband, was not provided equivalent or equal access to the programs and services offered by Providence on this day because she was not provided as equally an effective method of communication as is provided to others at Defendant's health-care facility. Hearing persons were provided a far superior level of care at the facility on this day.

14. That same day, on November 2, 2025, Plaintiff drove her husband to Providence St. Vincent Hospital. At this point, her husband was in even more significant pain. After a period of time, she and her husband were taken to an examination room. When the doctor came in, Plaintiff informed her that she was hearing impaired and read lips and asked her to lower her mask to she could understand her. Initially, the clinician refused. To the best of Plaintiff's understanding, the clinician may have said something about having young kids at home. When Plaintiff asked if they had clear masks, the doctor said they did not have any and seemed to say she would try to find someone who could speak with her without a mask and left the room. She then returned with a clear mask and the clinician and treated Plaintiff's husband, whose first language is Spanish.

15. After that initial interaction the situation that night continued to deteriorate. Ultimately, Plaintiff's husband had emergency surgery and was admitted to the hospital. No one provided him an interpreter until the time of discharge, and no one communicated effectively with Plaintiff, either. Plaintiff stayed with him in the hospital but was continuing having to guess about what was going on, as staff and physicians continued to make no effort to provide effective

communication. Plaintiff repeated her requests that they lower their masks—even temporarily to speak with Plaintiff—to numerous providers and most refused. Plaintiff, as caregiver for her husband, was not provided equivalent or equal access to the programs and services offered by Providence after they left the ER and were admitted to the hospital because she was not provided as equally an effective method of communication as is provided to others at Defendant's health-care facility. Hearing persons were provided a far superior level of care at the facility on this day.

16. Defendant's actions have caused plaintiff non-economic damages, including but not limited to emotional distress and humiliation. Plaintiff is concerned that she or her family will need medical attention and that she will not be able to effectively understand or communicate with Defendant about that treatment, in the wake of Defendant's repeated violation of her rights over the last few months.

17. Plaintiff is likely to need medical care from Defendant in the future, either for herself, her spouse, or her two children. In the future, Plaintiff would, in the absence of continued discrimination and mistreatment of the type described above, seek that care with Defendant.

18. Unless enjoined, Defendant will continue to engage in the unlawful acts of discrimination described above. Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

**FIRST CLAIM FOR RELIEF**
Disability Discrimination under Section 504 of the Rehabilitation Act
29 U.S.C. § 794

19. Plaintiff realleges each and every paragraph above and incorporates the same herein.

20. Defendant receives federal financial assistance in the form of payments by Medicare, Medicaid, and/or other grants and support from other federal programs and sources.

21. At all relevant times, Plaintiff had a physical impairment that substantially limited a major life activity.

22. At all relevant times, Plaintiff was qualified to receive health services and treatment

from Defendant and participation in the providing of those services and treatment toward others in her capacity as a companion and caregiver.

23. At all relevant times, Defendant knew or should have known of Plaintiff's disability and disability-related need for accommodation and modification of Defendant's policies.

24. Defendant unlawfully discriminated against Plaintiff, in providing services to her both directly and as a companion or caregiver for her husband on the basis of Plaintiff's disability, in one or more of the following ways, in violation of 29 U.S.C. § 794.

    a.    Excluding Plaintiff from meaningful participation in and/or denying Plaintiff equal access to the benefits of the services, programs, and/or activities of Defendant's services, programs, and/or activities;

    b.    Failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary provide Plaintiff full and equal access to Defendant's services, programs, or activities, and when such modifications would not be unduly burdensome and would not fundamentally alter the nature of services provided by Defendant;

    c.    Failing to provide as equally an effective method of communication as is provided to other patients or caregivers at Defendant's health-care facility; and

    d.    Otherwise subjecting Plaintiff to discrimination on the basis of disability.

25. Defendant acted with deliberate indifference to Plaintiff's civil rights, mental health, and welfare.

26. Plaintiff is entitled to equitable relief and compensatory damages.

27. Pursuant to 42 U.S.C. § 1988(c) and 29 U.S.C. § 794a(b), Plaintiff is entitled to her reasonable attorney fees, costs, expert witness fees, and disbursements incurred in prosecuting this

claim.

## SECOND CLAIM FOR RELIEF
Disability Discrimination under Title III of the ADA
42 U.S.C. § 12182

28. Plaintiff realleges each and every paragraph above and incorporates them herein.

29. At all material times, Defendant was a place of public accommodations because it was the "professional office of a health care provider, hospital, or other service establishment " and, therefore, an entity subject to the Title III of the ADA. 42 U.S.C. § 12181(7)(F).

30. At all relevant times, Plaintiff had a physical impairment that substantially limited a major life activity and is an individual with a disability for purposes of Title III of the ADA.

31. At all relevant times, Defendant knew or should have known of Plaintiff's disability and disability-related need for accommodation or modification of its practices, both because it was obvious and because Plaintiff informed them of their disability and need for accommodation or modification was obvious

32. Defendant unlawfully discriminated against Plaintiff because of Plaintiff's disability, in providing services to her both directly and as a companion or caregiver for her husband, in one or more of the following ways, in violation of Title III of the ADA, 42 U.S.C. § 12182:

    a.    Excluding Plaintiff from meaningful participation in and/or denying Plaintiff equal access to Defendant's services, programs, and/or activities;

    b.    Failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary provide Plaintiff full and equal access to Defendant's services, programs, or activities, and when such modifications would not be unduly burdensome and would not fundamentally alter the nature of services provided by Defendant;

   c. Failing to provide as equally an effective method of communication as is provided to other patients at Defendant's health-care facility; and

   d. Otherwise discriminating against Plaintiff on the basis of her disability.

33. Defendant acted with deliberate indifference to Plaintiff's civil rights, mental health, and welfare.

34. Plaintiff is entitled to equitable relief and compensatory damages.

35. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to her reasonable attorney's fee, litigation expenses, expert witness fees, costs and disbursements incurred in prosecuting this claim.

**THIRD CLAIM FOR RELIEF**
Disability Discrimination under the
Patient Protection and Affordable Care Act (ACA)
42 U.S.C. § 18116

36. Plaintiff realleges each and every paragraph above and incorporates them herein.

37. At all material times, on information and belief, Defendant receives federal financial assistance provided or made available by the United States Office of Health and Human Services, including tax credits under the ACA, payments by Medicare and Medicaid, research and other grants, and support from other federal programs.

38. In applying for such federal financial assistance, Defendant made assurances that its healthcare program and activities would be operated in compliance with the non-discrimination requirements under the ACA.

39. At all relevant times, Plaintiff had a physical impairment that substantially limited a major life activity and was qualified to receive health services and treatment from Defendant or otherwise fully participate in that the provision of those services as a companion or caregiver for her husband.

40. At all relevant times, Defendant knew or should have known of Plaintiff's disability

and disability-related need for accommodation or modification of Defendant's policies.

41. Defendant, who operates a hospital as well as other medical centers and academic training programs for medical professionals, is a health program or activity as defined by the ACA.

42. At all relevant times, Plaintiff had a physical impairment that substantially limited a major life activity and at all times, with or without reasonable accommodations, met the essential eligibility requirements for the receipt of aid, benefits, or services from Defendant.

43. Defendant unlawfully discriminated against Plaintiff because of Plaintiff's disability, in one or more of the following ways, in violation of 42 U.S.C. § 18116.

    a.    Excluding from meaningful participation in and/or denying the equal access to the benefits of Defendant's health program or activity;

    b.    Failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to avoid discrimination in Defendant's services, programs, or activities, and when such modifications would not be unduly burdensome and would not fundamentally alter the nature of services provided by Defendant;

    c.    Failing to provide as equally an effective method of communication as is provided to other patients at Defendant's health-care facility; and

    d.    Otherwise discriminating against Plaintiff on the basis of her disability.

44. Defendant acted with deliberate indifference to Plaintiff's civil rights, mental health, and welfare.

45. Plaintiff is entitled to equitable relief and compensatory damages.

46. Defendant acted intentionally, willfully, and in disregard for the rights of others.

47. Pursuant to 42 U.S.C. § 18116(a), 45 C.F.R. § 92.301, and the enforcement

mechanisms of Section 504 of the Rehabilitation Act, including 42 U.S.C. § 1988(c) and 29 U.S.C. § 794a(b), Plaintiff is entitled to her reasonable attorney fees, costs, expert witness fees, and disbursements incurred in prosecuting this claim.

### FOURTH CLAIM FOR RELIEF
### (O.R.S. 659A.142 )

48. Plaintiff realleges each and every paragraph above and incorporates them herein.

49. Defendant is a place of public accommodation for purposes of ORS 659A.142(4) and ORS 659A.400 because it is a place or service offering to the public accommodations, advantages, facilities or privileges in the form of goods and services.

50. Plaintiff was a patron or customer of Defendant in the interactions set forth above. Plaintiff was either a patient or was a caregiver and spouse of a patient who was entitled to receive good and services. Thus, whether as a patient or caregiver, Plaintiff had a right to otherwise actively participate in the care being provided to her or her spouse as a patron or customer of Defendant.

51. Defendant unlawfully discriminated against Plaintiff because of Plaintiff's disability, in one or more of the following ways, in violation of ORS 659A.142, by.

    e.    Excluding from meaningful participation in and/or denying equal access to the benefits of Defendant's health program or activity;

    f.    Failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to avoid discrimination in Defendant's services, programs, or activities, and when such modifications would not be unduly burdensome and would not fundamentally alter the nature of services provided by Defendant;

      g.      Failing to provide as equally an effective method of communication as is provided to other patients or caregivers at defendant's health-care facility; and

      h.      Otherwise discriminating against Plaintiff on the basis of her disability.

52. Plaintiff is entitled to equitable relief and compensatory damages.

53. Defendant acted intentionally, willfully, and in disregard for the rights of Plaintiff others. Defendants' conduct was carried out with wanton or reckless disregard for Plaintiff's civil rights. Punitive damages should be assessed against Defendant to deter them from such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury and requests the Court should grant judgment in favor of Plaintiff and against Defendant and grant the following relief:

1.      On Plaintiff's Claims for relief, an award of damages for emotional distress;

2.      On all Plaintiff's Claims for relief, an award of attorney fees, costs and disbursements;

3.      On all Plaintiff's state law claim, an award of punitive damages;

4.      On all Plaintiff's Claims for relief,

    a) a Declaration that Defendant violated Plaintiff's rights to be free from discrimination and an injunction prohibiting Defendant from violating Plaintiff's disability related rights in the future.

    b) An Order requiring Defendant to provide effective communication to Plaintiff and other persons who are deaf or hard of hearing. This may include providing clear masks and/or real time captioning to such persons, or removal of

    c) An Order requiring Defendant to train all persons with patient contact on their obligations to provide effective communication to persons who are deaf or hard of

hearing.

5. Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 8th day of December, 2025.

By  /s Matthew C Ellis
**MATTHEW C. ELLIS, OSB No. 075800**
Matthew C. Ellis, PC
1500 SW First Avenue, Suite 1000
Portland, OR 97201
503/345-5497
matthew@employmentlawpdx.com

Plaintiff demands a trial by jury.

By  s/Matthew C. Ellis
**MATTHEW C. ELLIS**
OSB No. 075800
(503) 345-5497